IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 11-272 |
| | ) |
| RICHARD STANLEY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.     Introduction**

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Richard Stanley ("Stanley") (ECF No. 81), with numerous letters of support attached. The government filed a response in opposition (ECF No. 84), Stanley filed a reply (ECF No. 85), and the motion is ripe for disposition. For the reasons set forth in this opinion, Stanley's motion for early termination of supervised release will be denied without prejudice to refile.

Stanley contends that he should be granted early termination of supervised release because the primary purpose of supervision has been accomplished; i.e., he has successfully reintegrated into the community. Stanley argues that further supervision is unnecessary and would undermine the significant progress he has made.

The government acknowledges the numerous character letters attesting to Stanley's rehabilitation, but contends that early termination of Stanley's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). The government points out that in the original sentence, Stanley received a large downward variance from the advisory prison term and a lengthier term

of supervision. He has served slightly more than half of the term of supervision imposed by the court. The government argues that Stanley's prior heroin addiction and conviction for a child pornography offense pose a high risk of recidivism.

## II. Procedural History

On December 4, 2012, Stanley entered a guilty plea for possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). There was no written plea agreement. The conviction carried a statutory mandatory minimum sentence of 5 years supervised release.

Stanley's guideline range was 108-135 months of imprisonment and supervised release for life, pursuant to the policy statement in U.S.S.G. § 5D1.2. On March 28, 2013, the court sentenced Stanley to a term of imprisonment of 51 months, to be followed by 15 years on supervised release.

Stanley began serving supervised release on August 6, 2015. He was initially released to the Renewal Center because he lacked a place to live. He is now 44 years old and has been on supervised release for over 8 years. There have been no petitions for violation of the conditions of release by Stanley.

## III. Discussion

### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's

term of supervised release[1] under 18 U.S.C. § 3583(e). <u>United States v. Melvin</u>, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." <u>Pepper v. United States</u>, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." <u>United States v. Johnson</u>, 529 U.S. 53, 59 (2000).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 53. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

---

[2]  The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 978 F.3d at 53.

4

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Stanley's term of supervised release is warranted by his conduct and in the interest of justice. "Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Stanley's crime was serious. He possessed numerous images and videos containing child pornography, including sadistic, masochistic or violent conduct and prepubescent children. He used his neighbor's wireless internet router to access the materials.

Stanley had several prior criminal convictions, including disorderly conduct, access device fraud, defiant trespass and possession of heroin. Stanley explains his involvement in the offenses was driven by his heroin addiction. Stanley was on probation when he committed the underlying crime of conviction in this case. He is in Criminal History category III.

The court accepts that Stanley has engaged in substantial rehabilitative efforts, overcome his heroin addiction, maintained employment and is a good role model for others in the community. Stanley is remorseful, successfully completed an individualized sex offender treatment program, completed a chaperone program with his now-fiance, and has reconnected with his mother, sister and step-father. The court

commends Stanley for his efforts and urges him to continue to be a productive member of society.

The serious nature of his crime weighs against the early termination of Stanley's supervised release.  The parties' dispute about recidivism rates for child pornography offenders is not the only relevant consideration.[3]  This was a serious offense that has lifelong lasting effects on its child victims.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Given Stanley's 8 years of successful conduct while on supervision, it is unclear whether the full term of supervision is necessary to deter Stanley from reengaging in criminal conduct and to protect the public from further crimes by Stanley.  The court is given pause by Stanley's history of heroin addiction.  Although Stanley has been successful in maintaining sobriety for many years, that is a battle he will have to continue to fight every day.  The fact of Stanley's compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.  Under these circumstances, this factor is neutral and does not weigh in favor of early termination of Stanley's supervision.

---

[3] Many courts have stated that "child sex offenders have appalling rates of recidivism." United States v. Pugh, 515 F.3d 1179, 1201 (11th Cir. 2008).  Stanley cites two studies recited by the Unites States Sentencing Commission for the proposition that recivicism rates for non-production offenders, beyond the first year, are much lower.  (ECF No. 81 at 16-17, nn. 8-11).  The court notes that, despite these studies, the Sentencing Commission continues to recommend, by policy, a lifetime of supervision for Stanley.  U.S.S.G. § 5D1.2.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

The guideline range of imprisonment was 108-135 months. The court granted Stanley a significant downward variance to a prison term of 51 months. The guideline range of supervised release was 5 years to life. The court imposed a term of supervision of 15 years. In imposing the original sentence, and in recognition of the large decrease in the term of imprisonment, the court specifically stated that a 15-year term of supervision was necessary to provide adequate deterrence and protect the public from further crimes by Stanley. The court recognized the guidelines policy statement that lifetime supervision should be imposed. There is no evidence that this factor warrants early termination of supervised release.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

The Sentencing Guidelines contain the following nonbinding Policy Statement: "If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b). Stanley faced a statutory maximum of supervision for life. The court varied downward from this policy and imposed a 15-year term of supervised release, which it found was sufficient but not greater than necessary. There is no evidence that this factor warrants early termination of supervised release.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

As discussed above, in light of Stanley having served a below-guidelines term of supervision, the court's original determination that Stanley's term of supervised release

should be 15 years does not constitute an unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct.  This factor does not weigh in favor of early termination of supervised release.

### 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

The parties did not address this factor and it does not impact the court's decision.

### C. **Whether early termination is warranted and in the interest of justice**

There are certainly worthy aspects of Stanley's conduct that support his motion for early termination.  During his supervision, Stanley had no other criminal conduct, completed sex offender treatment and has been living a productive, law-abiding lifestyle for more than 8 years.  The court commends Stanley for his rehabilitation and conduct while on supervision.

The court is aware that Stanley intends to marry and move in with his fiance and her son, who regards him as "dad."  Stanley asserts that he will not do so until his supervised release is terminated.  Stanley's conditions of supervision do not prevent him from doing so.  Stanley's counsel forthrightly acknowledged that "Mr. Stanley has permission from the U.S. Probation Office to move in with Sarah and her son."  (ECF No. 81 at 15).  Stanley's hesitation is driven by his own hypervigilance and the concerns that any violations of the conditions of supervision could result in reincarceration.  *Id.* Stanley's personal reaction to being on supervision (regardless of its conditions) is not a persuasive reason to terminate supervised release.  Here, the marriage is being delayed by Stanley himself, not the conditions of his supervised release.

If there are other particular adverse impacts caused by the conditions of supervision (such as soccer games, school functions, swimming pools, etc.), Stanley should explore with his probation officer whether his conditions can be modified to address his concerns.  There is no evidence that Stanley did so, or sought relief from the court if such modifications were denied or inadequate.  To repeat, it is Stanley's burden to demonstrate that early termination is appropriate.  One consideration to support the motion would be if Stanley is unable to obtain reasonable modifications of his conditions.  He, however, did not assert that he was unable to obtain reasonable modifications.

Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Stanley's counsel articulated in an exemplary manner that Stanley's conduct while on supervision is commendable.  Here, the court, considered all the factors under the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal conduct, and concludes at this time that Stanley failed to meet his

burden to demonstrate that his term of supervised release should be reduced by more than 7 years.

### IV.     Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 81) without prejudice for him to file a new request if his circumstances change, he has additional evidence to submit to the court or he shows a longer time of commendable conduct.  It would be helpful if the probation office supports a future request for early termination of supervised release.

An appropriate order follows.

Dated: November 2, 2023                     BY THE COURT:

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Senior United States District Judge